WATERS AND WATER RIGHTS
Under 21 O.S. 481 [21-481] et seq. (1971), the Oklahoma Scenic Rivers Commission is precluded from employing the nephew of a Commission member to work as a law enforcement ranger, and in the absence of express statutory authorization, the Commission cannot employ any peace officers or other personnel to act as law enforcement officers. The question of what conduct on the part of the members of the Oklahoma Scenic Rivers Commission would constitute a conflict of interest, under 82 O.S. 1461 [82-1461] (1977), is a question of fact and as such, cannot, as a matter of law, be definitely answered in a legal opinion by the Attorney General. The Attorney General has received your request for an opinion wherein you ask, in effect, the following questions: 1. Is it a violation of the nepotism statutes for the nephew of an Oklahoma Scenic Rivers Commission member to work on a CETA slot for the Commission as a law enforcement ranger ? 2. Most of the Commissioners are landowners or canoe operators or both along the rivers subject to the Commissioner's jurisdiction. Given the Commissioner's interest in the land and the fact that any decision on the part of the Commission would involve that land, would the Commission members be able to function without violating conflict of interest provision contained in 82 O.S. 1461 [82-1461] (1977). With regards to your first question the provisions in Title 21 O.S. 1971 481 [21-481] are applicable. The same provide that it is unlawful for an officer of the State of Oklahoma to appoint or vote for the appointment of any person related to him by affinity or consanguinity within the third degree to any close position of employment in any department of the state, or political subdivisions of the state. In Opinion of the Attorney General No. 64-341, dated September 10, 1964, it was specifically recognized that the relationship of nephew and uncle is within the third degree. Since the Scenic Rivers Commission is an agency of the State of Oklahoma, your first question must be answered in the affirmative. It would be a violation of the above provision for a nephew of a Commissioner to be hired as a law enforcement ranger. It should further be pointed out that from a review of the entire Scenic Rivers Act, 82 O.S. 1451 [82-1451] et seq. (1977), we find no authority granted to the Commission to employ peace officers or to act as a law enforcement agency. Under the Act, the Commission is to function as a land use planning and zoning agency for the purpose of preserving and protecting aesthetic, scenic and other natural features of the affected area. Appropriate law enforcement functions in the affected area are within the authority of the County Sheriff, and police departments of any municipalities lying within the affected area. Your second question involves a question of fact, which cannot be resolved in a legal opinion by the Attorney General. The Attorney General is only authorized to pass on legal questions and lacks authority to pass on questions of fact. We cannot, as a matter of law, say that a conflict of interest exists under 82 O.S. 1461 [82-1461] (1977), simply because a member of the Commission is a landowner in the affected area or a canoe operator. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: Under 21 O.S. 481 [21-481] et seq. (1971), the Oklahoma Scenic Rivers Commission is precluded from employing the nephew of a Commission member to work as a law enforcement ranger, and in the absence of express statutory authorization, the Commission cannot employ any peace officers or other personnel to act as law enforcement officers. The question of what conduct on the part of the members of the Oklahoma Scenic Rivers Commission would constitute a conflict of interest, under 82 O.S. 1461 [82-1461] (1977), is a question of fact and as such, cannot, as a matter of law, be definitely answered in a legal opinion by the Attorney General. (nepotism) (GERALD E. WEIS) (ksg)